**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NELSON DARWIN DIAZ,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et. al.,<br>Respondents. | ) | Civil No. 26-1158 |

## MEMORANDUM OPINION

Pending before the court is a motion filed by petitioner Nelson Darwin Diaz ("Diaz") to enforce the court's order[1] that Diaz receive an individualized bond hearing, with brief in support (ECF Nos. 11, 12). Respondents filed a response in opposition to the motion (ECF No. 16), and both parties have since filed supplements (ECF Nos. 18, 21). The motion is ripe for decision.

In the motion to enforce, Diaz, a native and citizen of Guatemala, admits that he received a bond hearing on July 6, 2026, but argues that the hearing failed to comply with the court's order because Diaz was "denied the opportunity to present evidence, call witnesses, or have the assistance of counsel." (ECF No. 11 at 1-2). In particular, Diaz contends that neither he nor his counsel "received any notice that the [July 6, 2026] hearing would occur[,]" despite counsel's filings of appearance through the online filing system eCAS (ECF No. 12 at 2).

Diaz also asserts that the immigration judge's subsequent written order on July 16, 2026, failed to cure this due process violation (ECF No. 18 at 2). On July 7, 2026, after confirming with court administration that a hearing had occurred the day prior, Diaz's counsel submitted a motion

[1] The court issued a memorandum opinion, order, and judgment on June 30, 2026, which granted in part the habeas petition (ECF No. 1) and directed a bond hearing to be held within 10 days of its order (ECF Nos. 8, 9, 10).

for a new bond hearing, which was accepted and scheduled for July 16, 2026 (ECF No. 12 at 2-3). Yet on July 16, 2026, rather than conduct a second bond hearing, the immigration judge issued a written order denying bond based on a lack of "material change in circumstances alleged in the newest request." (ECF No. 18-1; ECF No. 18 at 1-2).

Diaz seeks immediate release because "[n]o further hearing before the Immigration Court can cure the constitutional defect described above[.]" (ECF No. 12 at 5).

Respondents argue that Diaz's "arguments regarding the outcome of the bond hearing are brought properly to the BIA" on appeal, so no further action is required by the court (ECF No. 16 at 2). They also assert that Diaz "has not shown that his bond hearing was fundamentally unfair, in violation of due process requirements." (*Id.*).

Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests.

*Ghanem*, 2022 WL 574624 at *2; *see Quinteros*, 784 F. App'x at 78. When making an individualized determination, the "[m]echanistic reliance on factors that are common to all § 1226(a) detainees will not suffice" to satisfy due process. *See Mujica-Marquez v. Hoover,* No. 4:26-CV-00623, 2026 WL 1483740, at *4 (M.D. Pa. May 27, 2026) (citing *Santos v. Lowe*, No. 1:18-CV-1553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)). "For a bond hearing to adequately provide an individualized determination, any evidence relied upon by an immigration judge must be individualized and support a finding that continued detention is needed to prevent the detainee from fleeing or harming the community." *Id.*

The court reviewed the transcript of the July 6, 2026 bond hearing, which was provided by Respondents (ECF No. 16-2). The record reflects that a Spanish interpreter was provided by the immigration court and that the immigration judge afforded Diaz an opportunity to present argument and respond to the government's argument. During the hearing, Diaz did not request counsel or request that the hearing be rescheduled for his counsel to attend. After hearing from both parties and reviewing Diaz's criminal history, method of entry, potential avenues for relief, and family and community ties, the immigration judge concluded that Diaz was both a flight risk and a danger to the community.

An immigration judge "need not discuss each and every piece of evidence . . . when rendering a decision, as long as that decision is substantially supported[.]" *See Akbarov v. AG United States*, 629 F. App'x 309, 312 (3d Cir. 2015) (quoting *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 425 n.10 (3d Cir. 2005)). After reviewing the record, the court concludes the immigration judge made an individualized determination based upon the evidence before her. The immigration judge provided an oral explanation for the decision on the record (ECF No. 16-2) and issued a written decision (ECF No. 16-1), noting her consideration of the following factors:

> The Court considered the following in making this decision: Respondent unlawfully entered the United States in October 2022. Respondent entered the United States as an unaccompanied minor. He does not have familial ties in the United States. He has limited community ties. He was charged in July 2025 with shoplifting. He was charged in June 2026 with, inter alia, assault. He also has a number of traffic violations. Respondent did not provide the Court with any documentation regarding any of these incidents. Respondent has not filed an application for relief. He does not have a viable avenue to relief. As such, he has no incentive to appear for any immigration matter.

(ECF No. 16-2 at 1). Although Diaz may disagree with the immigration judge's decision, "[a] motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order." *Ghanem*, 2022 WL 574624, at *2. Such disagreement is properly raised on appeal of the bond denial to the Board of Immigration Appeals.

The lack of counsel at the July 6, 2026 hearing also does not violate *Ghanem.* In *Joseph v. Warden Pike County Correctional Facility*, a district court in the Middle District of Pennsylvania held that a detainee's due process rights were violated where the detainee asked for a continuance to enable his counsel to attend, but the immigration judge denied the request and conducted the hearing only 7 days into the 21-day period provided by the habeas order. No. 3:25-CV-02428, 2026 WL 2445548, at *6 (M.D. Pa. Aug. 20, 2026). In contrast, Diaz never told the immigration judge that he had an attorney or requested that the hearing be moved to accommodate his attorney's presence (*See generally* ECF 16-2). Diaz does not establish that the immigration judge otherwise knew that Diaz had retained counsel (ECF 11-2 at 2-3). The hearing was also 1 day shy of the expiration of the 10-day period provided by this court's habeas order (ECF 16-2 at 1).

In sum, the July 6, 2026 bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Diaz's due process rights. Although the court is sympathetic

to Diaz's lack of counsel at the bond hearing, the hearing was held within the 10-day period, and Diaz was given an interpreter, an opportunity to make an argument, and an opportunity to respond. Under those circumstances, any other arguments are beyond the scope of this court's review. *Ghanem*, 2022 WL 574624 at *2.[2]

Conclusion

Because Diaz received an individualized bond hearing, the motion to enforce court order (ECF No. 11) will be denied.

An appropriate order follows.

Dated: October 20, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

[2] Because the court concludes that Diaz received due process through his first bond hearing, it will not address the parties' arguments regarding the adequacy of the immigration judge's second written order on July 16, 2026.